# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JONATHAN W. MUNDO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STEVEN GRIFFIN and MICHAEL CONDRATOVICH, ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:13-cv-00612-JCM-NJK <br><br> **ORDER** <br><br> (IFP App - Dkt. #3) |

Plaintiff Jonathan W. Mundo is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1-1) on April 9, 2013. This proceeding was referred to this court by Local Rule IB 1-9.

**I.**     *In Forma Pauperis* **Application**

Previously, Plaintiff filed an Application (Dkt. #1) that failed to provide certain information that would allow the court to determine whether Plaintiff qualifies to proceed *in forma pauperis*. In an Order (Dkt. #2) entered April 10, 2013, the court denied Plaintiff's Application (Dkt. #1) without prejudice and directed him to refile a completed version. Plaintiff has complied (Dkt. #3).

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). Plaintiff must pay an initial partial filing fee of the greater of twenty percent of the average monthly deposits or twenty percent of the average monthly balance of his account for the six months immediately preceding the commencement of this action. *See* 28 U.S.C. § 1915(b)(1). Plaintiff's average monthly balance is $39.96, and his average monthly deposit is $250.00. Therefore, the Court finds that Plaintiff must pay an initial partial filing fee of $50.00. The court will now review Plaintiff's complaint.

## II.   Screening Pursuant to 28 U.S.C. § 1915A

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per

curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. Screening of the Complaint

The Plaintiff has alleged that Steven Griffin, a detective with the Montclair, California[1] Police Department, and Michael Condratovich, a detective with the Henderson Police Department, violated his civil rights by obtaining a search warrant for cellular tower records, call detail records, GPS locations, and subscriber/account information on a target phone number. The Plaintiff does not allege that this target phone number was his phone number and, in fact, specifically states that the underlying criminal case

---

[1] The Plaintiff alleges that this Court has jurisdiction over Detective Griffin in the instant case because of his alleged sufficient minimum contacts with the State of Nevada. Dkt. #1-1, at 3. Since the court finds that the detectives in this case have qualified immunity from suit, the court declines to reach this issue.

1  involved five co-defendants. Dkt. 1-1, at 5. Additionally, the Plaintiff fails to allege any reason why the
2  detectives' actions in obtaining this search warrant violate his civil rights.[2] The Complaint also points out
3  that the search warrant was signed and issued by a judicial officer. *Id*.

4      The Plaintiff has not alleged that the search warrant was invalid. Even if he had, however, "[a]
5  police officer generally has qualified immunity for conducting an unconstitutional search if he is acting on
6  the basis of a facially valid warrant." *Barlow v. Ground*, 943 F.2d 1132, 1139 (9th Cir. 1991). *See also*
7  *Skoog v. County of Clackamas*, 469 F.3d 1221, 1231 (9th Cir. 2006) (when probable cause existed for
8  issuance of warrant and seizure of evidence, Plaintiff cannot plead facts to support violation of Fourth
9  Amendment); *Mills v. Graves*, 930 F.2d 729, 731 (9th Cir. 1991) ("immunity will be lost only where the
10 warrant application is so lacking in indicia of probable cause as to render official belief in its existence
11 unreasonable").

12     The Plaintiff has failed to state a claim upon which relief can be granted in his original Complaint,
13 since he has failed to demonstrate whether the search warrant about which he complains was valid or
14 facially valid, or any facts whatsoever to determine whether the law enforcement officers who executed the
15 warrant had qualified immunity for their actions. Since the Plaintiff has not set out enough facts to allow
16 the court to discern if he can cure the deficiencies in his Complaint, the court will dismiss the Complaint
17 without prejudice to give the Plaintiff an opportunity to do so.
18 Accordingly,
19 **IT IS ORDERED** that:
20     1.    Plaintiff's Application to Proceed *in Forma Pauperis* (Dkt. #3) without having to prepay
21         the full filing fee is **GRANTED**. However, Plaintiff shall be required to pay an initial
22         installment fee in the amount of $50 toward the full filing fee of three hundred fifty dollars.
23         Plaintiff shall have thirty days from the date this Order is entered to have the designated fee
24         sent to the Clerk of the Court. Failure to do so may result in dismissal of this action.

---

[2] Detective Condratovich also obtained arrest warrants for all five co-defendants, but the Plaintiff's complaint does not appear to allege that any civil rights were violated by the obtaining of arrest warrants.

        Furthermore, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the prisoner's account (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If Plaintiff should be transferred and come under the care of the Nevada Department of Prisons, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk shall send a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

4. The Clerk of the Court shall file the Complaint.

5. The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have thirty (30) days from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading.

Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated this 5th day of June, 2013.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE